### ZIMMER et al. v. GETTER.

(Supreme Court, Appellate Division, Third Department.  November 10, 1909.)

JUSTICES OF THE PEACE (§ 104*)—TRESPASS—EVIDENCE—ISSUES.

Plaintiffs sued before a justice for various trespasses committed on their farm.  Defendant set up title to a right of way as to a portion of the trespasses, whereupon the action was dismissed as to them.  One of the plaintiffs was asked what he had seen defendant do in traveling over the farm, and on objection the justice ruled that plaintiff could not recover for any trespasses on the land to which defendant set up title, and allowed the question to be answered, whereupon the witness stated that, of the 100 times he had seen defendant on the farm, 75 were on land not embraced within either of the alleged rights of way referred to in the answer. *Held*, that it sufficiently appeared that a verdict for plaintiff for damages embraced only such trespasses as were not committed on the rights of way.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 345; Dec. Dig. § 104.*]

Appeal from Schoharie County Court.

Action by Peter F. Zimmer and another against Frank Getter. From a judgment of the Schoharie County Court, reversing a justice's judgment for plaintiffs, they appeal.  Reversed, and justice's judgment affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, AND SEWELL, JJ.

Alberti Baker, for appellants.
Wallace H. Sidney, for respondent.

JOHN M. KELLOGG, J.  The plaintiffs brought an action in justice court to recover for various trespasses committed by the defendant upon their farm.  By his answer the defendant alleged that some of the acts alleged as trespass were the use by the defendant of two certain roads over the plaintiffs' farm, upon which defendant had a right of way and easement, and that the title to real estate will come in question as to such trespasses.  Upon a proper bond being given, the case was dismissed so far as related to any acts done upon the alleged rights of way.  The alleged rights of way were very indefinitely described in the answer.  It appeared upon the trial that the defendant had passed over various parts of the plaintiffs' farm about 100 times, and that about 75 of such times were not upon either of the alleged rights of way, and plaintiffs had a verdict for $18 damages, upon which judgment was entered, with costs.

The County Court reversed the judgment, upon the ground that acts of trespass were shown, or the jury might have allowed damage for acts done, upon the rights of way.  I think this conclusion is un-

warranted. One of the plaintiffs was asked what he had seen the defendant do in traveling over the farm. Objection was raised that the question must be confined to the parts of the farm not embraced in the plea of title, to which the court replied:

"The court decides that the plaintiffs cannot prove or recover for any trespass or trespasses on any lands to which the defendant sets up title by the answer, and to which the court dismisses the action, and allows the question to be answered."

The answer was, "About 100 times;" the witness then saying that, of the 100 times, about 75 times were not embraced within either of the alleged rights of way referred to in the answer. I think the decision of the justice limited the jury to damages solely committed off the rights of way, and that the defendant suffered no injury therefrom. The recovery was not large, was amply justified by the acts shown to have been committed off the rights of way, and I think the County Court did not view the proceedings in justice court with the liberality which an appellate court is required to exercise with reference to them. A careful examination of the record shows no error to the substantial prejudice of the defendant.

The judgment of the County Court should therefore be reversed, and the judgment of the justice affirmed, with costs in this court and in the County Court. All concur.